# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Submitted May 11, 2012            Decided June 5, 2012

No. 10-5277

PINNACLE HEALTH HOSPITALS, AS SUCCESSOR-IN-INTEREST TO
HARRISBURG HOPSITAL, SEIDLE MEMORIAL HOSPITAL, AND
POLYCLINIC MEDICAL CENTER,
APPELLANT

v.

KATHLEEN SEBELIUS, AS SECRETARY OF HEALTH AND HUMAN
SERVICES,
APPELLEE

Consolidated with 10-5279

Appeals from the United States District Court
for the District of Columbia
(No. 1:09-cv-00186)

*Robert E. Mazer* was on the briefs for appellant.

*Tony West*, Assistant Attorney General, U.S. Department
of Justice, *Ronald C. Machen Jr.*, U.S. Attorney, *Michael
Raab* and *Joel McElvain*, Attorneys, *William B. Schultz*,
Acting General Counsel, U.S. Department of Health and
Human Services, *Janice Hoffman*, Associate General
Counsel, *Mark D. Polston*, Deputy Associate General Counsel

for Litigation, and *Jonathan C. Brumer*, Attorney, were on the brief for appellee. *R. Craig Lawrence*, Assistant U.S. Attorney, and *David S. Cade*, Attorney, U.S. Department of Health and Human Services, entered appearances.

Before: GARLAND, BROWN, and GRIFFITH, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: In 1995, two non-profit hospitals in Pennsylvania consolidated to form Pinnacle Health Hospitals. Pinnacle subsequently submitted a Medicare reimbursement claim for the losses the hospitals had incurred through the sale of their depreciable assets in the consolidation. The Administrator of the Centers for Medicare and Medicaid Services denied Pinnacle's claim, and that order became the final decision of the Secretary of Health and Human Services. On Pinnacle's Administrative Procedure Act (APA) challenge, the district court upheld the Secretary's decision in full. *See Pinnacle Health Hosps. v. Sebelius*, 719 F. Supp. 2d 16 (D.D.C. 2010).

Pinnacle now appeals. We review *de novo* the district court's entry of summary judgment for the Secretary, *Calhoun v. Johnson*, 632 F.3d 1259, 1261 (D.C. Cir. 2011), and will uphold the judgment as long as the Secretary's ruling was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A).

Pinnacle's primary argument is that the Secretary impermissibly required it to prove there had been a "bona fide sale" of depreciable assets to obtain reimbursement. We have covered much of this ground before. In *St. Luke's Hospital v. Sebelius*, 611 F.3d 900 (D.C. Cir. 2010), we considered

whether the Secretary reasonably applied the bona fide sale requirement to a reimbursement request from a participant in a "statutory merger." *See id.* at 903–04 . Our answer was yes because the Secretary's interpretation of the relevant Medicare regulations (42 C.F.R. § 413.134(f) and (*l*)), as memorialized in a 2000 Memorandum (PM A-00-76), was "not plainly erroneous or inconsistent with the regulation."[1] 611 F.3d at 906. We explained:

> Subsection (*l*) by its express terms makes the merged provider "subject to the provisions of paragraph[ ] . . . (f) of this section concerning . . . the realization of gains and losses." The Secretary reasonably read this unrestricted cross-reference to subsection (f) as incorporating subsection (f)(2)'s requirement that a transaction be "bona fide" if the provider is to revalue the assets it transfers therein. *See* 42 C.F.R. § 413.134(f)(2) (rules for recognizing gains and losses upon "the bona fide sale . . . of depreciable assets before December 1, 1997").

*Id.* at 905.

In that same Memorandum—PM A-00-76—the Secretary also found the bona fide sale requirement applied to consolidations involving non-profit Medicare providers, like the one here. We hold that too was not "plainly erroneous or inconsistent with the regulation." *Id.* at 906. 42 C.F.R. §

---

[1] 42 C.F.R. 413.134(*l*) was redesignated without alteration as subsection (k) in 2000. *See St. Luke's Hosp.*, 611 F.3d at 901 n.2. We will continue to refer to it as subsection (*l*) because that is how it appeared at the time of the consolidation.

413.134(*l*)(3)(i) states that in consolidations "between two or more corporations that are unrelated . . . the assets of the provider corporation(s) may be revalued in accordance with paragraph (g) of this section." Paragraph (g) does not explicitly or implicitly foreclose the reimbursement of losses from the sale of depreciable assets, which means the Secretary could permissibly interpret the regulations to authorize such reimbursement. *See id.* § 413.134(g). And "[i]f the Secretary . . . construe[s] § 413.134(*l*)(3)(i) as permitting depreciation adjustments for consolidations, then the Secretary is perfectly reasonable in maintaining consistency and only allowing depreciation adjustments that comply with § 413.134(f)"—the subsection that requires a bona fide sale. *Via Christi Reg'l Med. Ctr., Inc. v. Leavitt*, 509 F.3d 1259, 1274–75 (10th Cir. 2007). It would be a "strange result, to say the least," if consolidating providers did not have to satisfy the same bona fide sale requirement as merging providers. *Id.* at 1275.

As a fallback, Pinnacle contends it satisfied the bona fide sale requirement, but substantial evidence supports the Secretary's finding to the contrary. *See* 42 U.S.C. § 1395oo(f)(1) (subjecting the Secretary's findings to the APA's substantial evidence test). A bona fide sale requires the exchange of "reasonable consideration" for the depreciable assets. *St. Luke's Hosp.*, 611 F.3d at 905; *see also Forsyth Mem'l Hosp., Inc. v. Sebelius*, 639 F.3d 534, 538 (D.C. Cir. 2011). Here, the Secretary determined that in the consolidation Pinnacle gained title to *current* assets that had a total value several million dollars greater than the total liabilities it took on. *See Pinnacle Health Hosps.*, 719 F. Supp. 2d at 25–26. In effect, that meant Pinnacle gained title to the consolidating hospitals' *depreciable* assets for no cost. That is substantial evidence the consolidating hospitals did not receive reasonable consideration for their depreciable assets, and, as a result, substantial evidence a bona fide sale

did not occur. *See Forsyth Mem'l Hosp.*, 639 F.3d at 538–39 (reaching the same conclusion).

Pinnacle is left to argue that the Secretary inaccurately calculated the value of the relevant assets and liabilities. Its three claims to that end are unpersuasive. First, the Secretary's analysis did "reflect each Consolidating Entity's precarious financial situation," Petitioner's Br. 29, because the appraisals on which the Secretary relied expressly accounted for demographic and structural factors that would affect the hospital's future financial health. Second, whether or not Pinnacle is right that the analysis improperly considered the "net reproduction costs" rather than the "fair market value" of the depreciable assets, Pinnacle, which has the burden, did "not provide[] any evidence of the fair market value of the facilities determined according to its preferred methodology." *Pinnacle Health Hosps.*, 719 F. Supp. 2d at 25 n.12. Finally, though the analysis did not explicitly consider the hospitals' contingent and unknown liabilities, Pinnacle has not "put forth evidence tending to show . . . that [the hospitals'] unknown liabilities were likely particularly substantial," so as to make up the several-million dollar disparity between the value of the assets and liabilities that were transferred in the consolidation. *Forsyth Mem'l Hosp.*, 639 F.3d at 539.

Accordingly, the district court's order entering judgment for the Secretary is

*Affirmed*.